UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

ALI HARUNA,

        Plaintiff,

  -against-

THE CITY OF NEW YORK, N.Y.C.
POLICE OFFICER CHRISTOPHER SMITH,
SHIELD # 001883, N.Y.C. POLICE OFFICER
NELSON RAMOS, SHIELD # 030679, AND
POLICE OFFICER "JOHN DOE", EACH
SUED INDIVIDUALLY AND IN
HIS OFFICIAL CAPACITY,

        Defendants.

----------------------------------------------------------X

13-CV-3866 (LTS)

VERIFIED COMPLAINT
AND DEMAND FOR
A JURY TRIAL

1. This is an action for compensatory and punitive damages for violation of Plaintiff's civil rights under the Fourth, Fifth and Fourteenth Amendments to the U.S. Constitution, as well as violations of New York State law, by reason of the unlawful acts of defendants.

**JURISDICTION**

2. This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is founded upon 28 U.S.C. § 1343. Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide claims arising under state law pursuant to 28 U.S.C. § 1367. Venue is proper in this district under 28 U.S.C. § 1391(b) in that all claims arose in this district.

## PARTIES

3.      Plaintiff is a resident of Bronx County, New York City in New York State.

4.      At all times hereinafter mentioned, the Defendant Police Officers were employees of the New York City Police Department (HEREINAFTER REFERRED TO AS "N.Y.P.D.") acting within the scope and authority of their employment. They are being sued individually and in their official capacity as New York City Police Officers.

5. The Defendant CITY OF NEW YORK, (HEREINAFTER REFERRED TO AS "City"), was a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and as such maintained the New York City Police Department and employed the individual Defendants sued herein.

6. The City was responsible for the training of its police officers.

7. That at all times herein the defendant, City, was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and/or employees of the N.Y.P.D.

8. That at all times mentioned herein the Defendant, City, knew or should have known of the discriminatory nature, bad judgment, and unlawful propensities of the officer involved in the violation of civil rights of the Plaintiff.

## FACTS

FIRST INCIDENT

9.      On or about April 1, 2012, was a high school senior with no criminal record with plans to attend Delaware State University in the fall.

10.     On that date, at approximately 1:00 A.M., plaintiff was walking home with a

friend after being at a cousin's birthday party.

11. They had just gotten off a bus when the police stopped him stopped him in the vicinity of Claremont Road and 3rd Avenue, in the Bronx, New York.

11. For no apparent reason, approximately five police officers came out of a police van and proceeded to search Plaintiff.

12. Plaintiff asked why he was being searched. The officers stated that there was suspicious activity.

13. Plaintiff stated that he had not done anything and asked for the officers' badge numbers.

14. At that point Officer Smith and another officer threw Plaintiff to the ground and handcuffed him.

15. In the police van Plaintiff stated that the officers had not read him his rights.

16. An officer told him he had the right to shut the fuck up.

17. At PSA-6, Plaintiff spent approximately 1 ½ hour in a cell, repeatedly asking to call his parents who had been expecting him home, but the officers refused.

SECOND INCIDENT

18. On April 1, 2012, at approximately 2:00 A.M., Officer Smith unlocked the cell, gave him back his wallet, told him he got three tickets and that he could leave. Plaintiff later learned the tickets were for littering and disorderly conduct.

19. He began to push Plaintiff out of the building.

20. Plaintiff turned around and told him he wanted his badge number.

21. Another Officer looked at Officer Smith and then grabbed Plaintiff and threw him against the wall.

22. He took Plaintiff to the ground by tripping him.

3

23.     He struck Plaintiff in the ribs and pinned his head to the ground with his knee.

24.     He made the cuffs very tight and refused to loosen them for about one hour.

25.     Plaintiff's father arrived at the precinct and was told that his son had been acting up and that he was being held for arraignment and being charged with trespassing in the precinct.

26.     While in custody, Plaintiff was taken to Lincoln Hospital for medical treatment to his head and ribs.

27.     Plaintiff was not released until the next morning when the judge released him.

THIRD INCIDENT

28.     On May 4, 2012, at 5:40 P.M., Plaintiff was in Crotona Park, across the street from his home when Police Officer Ramos arrested him and falsely accused him of selling marijuana to an unapprehended buyer. He also falsely accused Plaintiff of possession of marijuana that he claimed was on the ground near where Plaintiff was standing.

29.     Plaintiff denies both accusations and notes that as he standing near the ballpark he observed an individual running past him and away from the police. Moments later the police grabbed Plaintiff although he was merely standing still and had done nothing wrong.

30.     Plaintiff spent approximately 28 hours in custody before being released by a judge at arraignment.

ALL CRIMINAL CHARGES DISMISSED

31.     On August 16, 2012, the three summonses issued on April 1, 2012 were dismissed by the summons court. (Summons # 433651173-1 Summons # 433651171-8 and Summons #433651172-0).

32.     On November 27, 2012, Plaintiff consented to Adjournments in Contemplation of Dismissal (ACD) for both the trespass case of April 1, 2012 and the possession of

4

marijuana arrest on May 4, 2012. Both cases were dismissed six months later.

33.     Defendant City of New York has pursued a policy and custom of deliberate indifference to the rights of persons in its domain, including the plaintiff, in its procedures for supervising and removing, when appropriate, unstable and violent / incompetent police officers from their duties, including but not limited to the fact that Defendants City and/or N.Y.P.D. knew of the individual Defendant's tendencies to make unlawful arrests, unlawful seizures, and otherwise commit unlawful acts, but took no steps to correct or prevent the exercise of such tendencies.

34. Defendant City knew or should have known that prior to May 24, 2004, of the perpetration of unlawful arrests and other unlawful acts by the defendant was occurring, in that, upon and information and belief, there were prior reports of such unlawful conduct by this specific officer.

35. Defendant City and N.Y.P.D., among other deficiencies, failed to institute a bona fide procedure in which Defendant City and/or N.Y.P.D. investigated the unlawful acts of Defendants or properly investigated reports of their alleged misconduct.

## CONDITIONS PRECEDENT

36. On September 6, 2012, a Notice of Claim was served upon the Defendant New York City, setting forth:

    a)    The name and post office address of the Claimant and his attorney;
    b)    The nature of the claim;
    c)    The time when, the place where, and the manner in which the claim arose;
    d)    The items of damages and injuries sustained so far as practicable.

37.     The Notice of Claim was served upon the Defendant within 90 days after

Plaintiff's cause of action accrued.

38.    Plaintiff's 50-H deposition was never sought by the Comptroller.

39.    New York City and its Comptroller have failed, neglected and refused to pay, settle, compromise or adjust the claim of the Plaintiff herein.

40.    This action has been commenced within one year and 90 days after Plaintiff's cause of action accrued.

41.    Plaintiff has duly complied with all of the conditions precedent to the commencement of this cause of action.

## FOR A FIRST CAUSE OF ACTION FOR
## VIOLATION OF CIVIL RIGHTS
### (False Arrest: Three Incidents)

42. Plaintiff reiterates and realleges the facts stated in the preceding paragraphs as if stated fully herein.

43. As a result of their actions. Defendants, under "color of law", deprived plaintiff of his right to freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

44.    Defendants subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether Plaintiffs rights would be violated by his actions.

45. As a direct and proximate result of the acts of Defendants, Plaintiff suffered physical injuries, endured great pain and mental suffering, and was deprived of his physical liberty.

## SECOND CAUSE OF ACTION FOR
## VIOLATION     OF     CIVIL     RIGHTS

**(Excessive Force: Second Incident)**

46. Plaintiff reiterates and realleges the facts stated in paragraphs 1-45 as if stated fully herein.

47. As a result of their actions, Defendants, acting under "Color of law", deprived Plaintiff of his right to freedom from the use of excessive force without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

48. Defendants subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether Plaintiff's rights would be violated by his actions.

49. These Defendant officers either actively participated in the excessive force or were present and improperly failed to intervene to prevent other officers from using excessive force although they were in a position to do so.

50. As a result of the aforesaid occurrence, Plaintiff suffered the damages and injuries aforesaid. All Defendants are liable for said damage and injuries.

**THIRD CAUSE OF ACTION**
**FOR   VIOLATION   OF   CIVIL   RIGHTS**
**(Monell Claim: Three Incidents)**

51. Plaintiff reiterates and realleges the facts stated in the preceding paragraphs as if stated fully herein.

52. Defendant City and N.Y.P.D., through The N.Y.C. Police Commissioner, as a municipal policymaker, in the hiring, training and supervision of the Defendant officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain, and Plaintiffs, violating Plaintiffs' rights to freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to

the Constitution of the United States and 42 U.S.C. 1983.

53. As a direct and proximate result of the aforementioned policy and custom of deliberate indifference of Defendants City and N.Y.P.D., Defendant officers committed the unlawful acts referred to above. Thus, Defendant City is liable for Plaintiffs injuries.

### AS AND FOR A FOURTH CAUSE OF ACTION FOR
### ABUSE OF PROCESS AND MALICIOUS PROSECUTION
### (New York State Law Claim: First Incident)

54. Plaintiff reiterates and realleges the facts stated in the above paragraphs as if stated fully herein.

55. In instigating, ordering, validating, procuring and assisting in the arrest of Plaintiff, Defendant officer, acting within the scope of his employment, "under color of law", and on behalf of his employer, maliciously prosecuted Plaintiff without reasonable or probable cause and with full knowledge that the charges were false.

56. As a result of said abuse of process and malicious prosecution, plaintiff was compelled to come to court. On or about November 25, 2009, plaintiff was acquitted of all charges.

57. As a result of the aforesaid occurrence, Plaintiff was caused to and did suffer the damages and injuries aforesaid. All Defendants are liable for said damages.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court:

1. Enter a judgment that defendants, by their actions, violated Plaintiffs' rights under state law, and violated Plaintiffs rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and violated Plaintiffs rights under State law; and,

2. Enter a judgment, jointly and severally, against Defendants, and The City of New York for compensatory damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) Dollars; and,

3. Enter a judgment, jointly and severally against the Defendant officer and The City of New York for punitive damages in the amount of ONE MILLION ($1,000,000.00) Dollars; and,

4. Enter an Order:

a) Awarding plaintiff's reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. § 1988;

b) Granting such other and further relief which to the Court seems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

Dated: New York, New York
      May 3, 2013

RESPECTFULLY,

STEVEN A. HOFFNER, ESQ.
Attorney for the Plaintiff
325 Broadway, Suite 505
New York, New York 10007
Tel:   (212) 941-8330
Fax:   (212) 941-8137
(SH-0585)

## VERIFICATION

**STEVEN A. HOFFNER,** an attorney admitted to practice in the Courts of the State of New York states:

That the affirmant is the attorney of record for the plaintiffs in the within action.

That the affirmant has read the foregoing Complaint and knows the contents thereof.

That the same is true as to affirmant's knowledge, except as to matters therein alleged to be on information and belief, and as to those matters affirmant believes them to be true.

That the reason this verification is made by affirmant is because the plaintiffs do not reside in the county wherein affirmant maintains his office.

That the grounds of my belief as to all matters not stated upon my own knowledge are as follows:

investigation, client conferences, and review of the file.

The undersigned affirms that the following statements are true, under the penalties of perjury.


Dated: New York, New York
       May 3, 2013

_____
STEVEN A. HOFFNER, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

ALI HARUNA,

              Plaintiff,

-against-

THE CITY OF NEW YORK, N.Y.C.
POLICE OFFICER CHRISTOPHER SMITH,
SHIELD # 001883, N.Y.C. POLICE OFFICER
NELSON RAMOS, SHIELD # 030679, AND
POLICE OFFICER "JOHN DOE", EACH
SUED INDIVIDUALLY AND IN
HIS OFFICIAL CAPACITY,

              Defendants.

-----------------------------------------------------------X

      VERIFIED COMPLAINT
      AND DEMAND FOR
      <u>A JURY TRIAL</u>

      STEVEN A. HOFFNER, ESQ.
      Attorney for the Plaintiff
      325 Broadway, Suite 505
      New York, New York 10007
      Tel:   (212) 941-8330
      Fax:   (212) 941-8137